# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
## Judge Daniel D. Domenico

Case No. 1:18-cv-02631-DDD-KMT

KIM IMMEL,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

## ORDER DENYING PARTIAL SUMMARY JUDGMENT

Plaintiff, while working for the Defendant railroad, was riding on the side of a train when he unexpectedly struck a switch stand that, according to Colorado regulations, was too close to the track. He seeks damages for Defendant's alleged negligence under the Federal Employers' Liability Act ("FELA") and moves for partial summary judgment on the question of liability. (Doc. 32.) For the following reasons, the Court **DENIES** the motion.

## I.     UNDISPUTED MATERIAL FACTS

Plaintiff Kim Immel was a brakeman working for Defendant Union Pacific Railroad Company. Mr. Immel and his crew were on an assignment to take a train from Denver to Pueblo, Colorado; place the train in the yard in Pueblo; and take the locomotives consist to the roundhouse.[1] As Mr. Immel rode outside of the cab on the

---

[1] A "consist" is a set of locomotives under multiple unit control. A railway "roundhouse" is a building with a circular or semicircular shape used by railways

bottom step of the lead locomotive, a common task in this process, his body hit a switch stand next to the track (the "Switch"), and he was knocked off the train.

The Colorado Code of Regulations requires switch stands over three feet high, like the one at issue, to be at least 8-feet, 3-inches from the center of the track. 4 Colo. Code Regs. § 723-7:7325(g)(II). Union Pacific internal standards require such switches to be at least 8-feet, 6-inches from the center of the track. But the Switch was only 6-feet, 4-inches from the center of the track.

The only fact relevant to this motion is not disputed: Union Pacific failed to install the Switch in accordance with Colorado regulations. On October 15, 2018, Mr. Immel filed this negligence action against Union Pacific under FELA. On June 21, Mr. Immel filed a motion for partial summary judgment, arguing that Union Pacific's admitted violation of Colorado regulations render it negligent per se.

## II. ANALYSIS

Summary judgment is appropriate if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Mr. Immel seeks summary judgment on Union Pacific's liability and desires to go to trial on the remaining question of damages. Union Pacific's response sidesteps Mr. Immel's motion. It argues that violations of certain state regulations, like the one at issue, do not give rise to findings of "negligence per se" under FELA provisions that would preclude its ability to prove contributory negligence by Mr. Immel at trial.

---

for servicing and storing locomotives, and traditionally surrounds, or is adjacent to, a turntable.

The parties' confusion flows from courts' use of the term "negligence per se" in two circumstances. Traditionally, negligence per se is a doctrine recognizing the violation of an absolute duty, *Carter v. Atlanta & St. A.B.R. Co.*, 338 U.S. 430, 434 (1949), or statute designed to protect the party who was injured against the type of injury which occurred. *Moody v. Bos. & Maine Corp.*, 921 F.2d 1, 4 (1st Cir. 1990). Such a violation by a defendant having been established, the doctrine relieves a plaintiff, in his prima facie case, of proving all essential elements, save causation. *Carter*, 338 U.S. at 434. But, specifically in FELA cases, the term is often used in another way. FELA, a remedial statute enacted to benefit railroad workers by providing liberal recovery, has abrogated a railroad's ability to assert affirmative defenses of contributory negligence and assumption of risk if it has violated a "statute enacted for the safety of employees." 45 U.S.C. §§ 53, 54, 54a. This too is called "negligence per se," *see, e.g.*, *Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1159 (3d Cir. 1992), but limited only to violations of certain federal and state regulations. *See Fletcher v. Chicago Rail Link, L.L.C.*, 568 F.3d 638, 639 (7th Cir. 2009).

The parties seem to be using the term differently. Mr. Immel believes himself entitled to assert the former of these theories to define the applicable standard of care and relieve a portion of his burden at trial, and Union Pacific responds that he may not claim the latter to cut off its ability to prove contributory negligence. The Court will address these arguments in reverse order.

## A. FELA's Contributory Negligence Bar

Concerned that the present motion for summary judgment could affect its ability to prove contributory negligence at trial, Union Pacific points to 45 U.S.C. § 53, which provides that an employee with a right to recourse under FELA cannot "be held guilty of contributory negligence in any case where the violation by [the railroads] of any statute enacted for the safety of employees" contributed to the injury. In other words, in a FELA case, an injured employee's damages cannot be reduced based on his own contributory negligence if the railroad violated a statute enacted to protect the employee.

The scope of Section 53 is informed by a provision establishing the applicability of certain safety statutes:

> A regulation, standard, or requirement in force, or prescribed by the Secretary of Transportation under chapter 201 of Title 49 or by a State agency that is participating in investigative and surveillance activities under section 20105 of Title 49, is deemed to be a statute under sections 53 and 54 of this title.

45 U.S.C. § 54a (entitled, "Certain Federal and State Regulations deemed statutory authority").

The Seventh Circuit reviewed these provisions in *Fletcher*. There, the court first noted that "any statute" in Section 53 historically meant "any *federal* statute designed to promote railroad safety." 568 F.3d at 639 (emphasis in original; citing *Seaboard Air Line Ry. v. Horton*, 233 U.S. 492, 503 (1914); *Pratico v. Portland Terminal Co.*, 783 F.2d 225, 267–68 (1st Cir. 1985); *Chicago Great Western Ry. Co. v. Peeler*, 140 F.2d 865, 869 (8th Cir. 1944); *Columbia & P.S.R. Co. v. Sauter*, 223 F.

4

604, 610 (9th Cir. 1915)).² Only in limited circumstances does it include state laws: "Section 54a of Title 45 and section 20105(a) of Title 49, when they are read together, make clear that state regulations, requirements, etc., are deemed federal safety regulations only when they make the state a participant in the enforcement of such regulations." *Id.*

As Union Pacific points out here, Colorado is not a participant in the State Rail Safety Participation Program.³ The Colorado regulation at issue, therefore, may not be a "statute enacted for the safety of the employee" within the meaning of Section 53.⁴ This means, at least according to the Seventh Circuit's analysis, that Union Pacific's violation of this state law will not prevent it from arguing that any award in Mr. Immel's favor could be offset by the measure of his alleged contributory negligence. To that extent, Union Pacific is correct, and Mr. Immel does not argue otherwise.

---

² A federal railroad safety regulation may also support a negligence per se claim. *See Schulenberg v. BNSF Ry. Co.*, 911 F.3d 1276, 1288 (10th Cir. 2018); *see also Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1285 n.6 (10th Cir. 2018) ("As noted above, however, [the Federal Locomotive Inspection Act ("LIA")] does not create a private cause of action. *See supra* Section II.A. It is only FELA that provides such a cause of action. *Id.* That does not mean LIA and its regulations are irrelevant. Instead, a plaintiff bringing a FELA claim is excused from the ordinary obligation to show negligence (i.e., duty and breach) if he can establish a violation of LIA.").

³ *See* State Rail Safety Participation Program Managers, FRA (accessed Aug. 15, 2019), https://www.fra.dot.gov/eLib/Details/L03621.

⁴ The Court notes that the mere fact that Section 54a includes certain statutes as safety statutes, it does not exclude any. *See* 45 U.S.C. § 54a (stating that certain statutes are "deemed" safety statutes).

5

## B. Applicability of Colorado Regulation to Mr. Immel's Prima Facie Case

The actual thrust of Mr. Immel's motion, though, is not contributory negligence—which he concedes Union Pacific may assert as a defense even if his motion is granted—but that Union Pacific's violation of the Colorado regulation relieves him of an obligation to prove duty and breach at trial. Union Pacific assumes that only those statutes that qualify to bar contributory negligence may be employed to alleviate a plaintiff's prima facie burden in this way. Mr. Immel, in turn, does not find the statutory contributory negligence discussion surrounding Section 53 relevant to this inquiry.

FELA is intended "to provide liberal recovery for injured workers." *Kernan v. Am. Dredging Co.*, 355 U.S. 426, 432 (1958). Liability under FELA is predicated on the negligence of the employer, and a plaintiff must generally prove the common law elements of duty, breach, foreseeability, and causation. *Volner v. Union Pac. R. Co.*, 509 F. App'x 706, 708 (10th Cir. 2013); *see also Huffman v. Union Pac. R.R.*, 675 F.3d 412, 418 (5th Cir. 2012) ("[N]egligence . . . requires proof of breach of a standard of care, causation, and damages.") (citing *Consol. Rail Corp. v. Gottshall,* 512 U.S. 532, 540 (1994)), *cert. denied*, 568 U.S. 1086 (2013). Of these, the causation standard under FELA is notably relaxed: a plaintiff need only show that the employer's negligence "contributed even slightly to his injury." *Volner*, 509 F. App'x at 708 (quoting *Van Gorder v. Grand Trunk W. R.R.*, 509 F.3d 265, 269 (6th Cir. 2007)).

An employee may, as Mr. Immel argues, invoke the negligence per se doctrine to recover under FELA for the railroad's violation of a statute or regulation, *Schulenberg v. BNSF Ry. Co.*, 911 F.3d 1276, 1281 (10th Cir. 2018) (citing *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 703 n.12 (2011)), and thus alleviate every part of his prima facie burden but the relaxed causation showing. *See Carter*, 338 U.S. at 434 (1949); *Moody*, 921 F.2d at 4. In general, the Supreme Court has "extended the reach of the principle of negligence *per se* to cover injuries suffered by employees as a result of their employers' statutory violations, even if the injuries sustained were not of a type that the relevant statute sought to prevent." *Gottshall*, 512 U.S. at 543 (citing *Kernan*, 355 U.S. at 432–36). There is little question that the doctrine applies to certain federal statutes and regulations: It "is well-settled that the FELA requires a finding of negligence per se when there has been a violation of a safety statute specifically aimed at the railroad industry." *Morant v. Long Island R.R.*, 66 F.3d 518, 523 (2d Cir. 1995); *see also Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1285 n.6 (10th Cir. 2018) (Locomotive Inspection Act and its regulations); *Ries*, 960 F.2d at 1159 (citing *Crane v. Cedar Rapids & Iowa City Ry. Co.,* 395 U.S. 164, 166 (1969) (Safety Appliance Act); *Urie v. Thompson*, 337 U.S. 163, 188–89 (1949) (Safety Appliance Act and Boiler Inspection Act); *Horton*, 233 U.S. at 503 (Safety Appliance Act and Hours of Service Act)).

Less certain is whether a general federal safety statute not aimed at railroads qualifies. *Compare Ries*, 960 F.2d at 1165 (finding OSHA inapplicable) *and Robertson v. Burlington N. R.R.*, 32 F.3d 408, 410-11 (9th Cir. 1994) (same)

*with Pratico*, 783 F.2d 225 (finding OSHA applicable). And the question before the Court—whether a state provision aimed at railroads but not comprehended by other sections of FELA is the sort of statute federal law would recognize as establishing the standard of care under FELA—remains unanswered in this circuit.

The difficulty in answering this question originates with FELA's failure to define the scope of the negligence it intends to protect and the extent to which FELA was meant to displace common law. *See Gottshall*, 512 U.S. at 542; *Urie*, 337 U.S. at 174. At least, the Supreme Court has dispensed with the assumption made here by Union Pacific. In *Kernan*, the Court rejected the notion that the basis of liability turned on the applicability of Section 53's requirement of a "statute enacted for the safety of employees" that precluded contributory negligence:

> It is [45 U.S.C. § 51] of the FELA which creates the cause of action and this section, on its face, is barren of any suggestion that injuries caused by violation of any [particular] statute are to be treated specially. In formulating the rule that violation of the Safety Appliance and Boiler Inspection Acts creates liability for resulting injuries without proof of negligence, the Court relied on judicially evolved principles designed to carry out the general congressional purpose of providing appropriate remedies for injuries incurred by railroad employees. For Congress, in 1908, did not crystallize the application of the Act by enacting specific rules to guide the courts. Rather, by using generalized language, it created only a framework within which the courts were left to evolve, much in the manner of the common law, a system of principles providing compensation for injuries to employees consistent with the changing realities of employment in the railroad industry.

*Kernan*, 355 U.S. at 437. Only by its explicit abrogation of the defenses discussed above, therefore, is FELA "an avowed departure from the rules of the common law"

8

in existence at the time of its enactment. *Gottshall*, 512 U.S. at 544 (quoting *Sinkler v. Missouri Pacific R. Co.*, 356 U.S. 326, 329 (1958)).

Liability therefore attaches, as explained in *Kernan*, by the violation of a statute or regulation "without regard to whether the injury flowing from the violation was the injury the statute sought to guard against." *Id.* at 438. But despite FELA's liberal construction, its enactment was "focused primarily upon injuries and death resulting from accidents on interstate railroads" and "[w]hat constitutes negligence for the statute's purposes is a federal question, not varying in accordance with the differing conceptions of negligence applicable under state and local laws for other purposes." *Urie*, 337 U.S. at 174, 181. Thus unsurprisingly, *Urie*, *Kernan*, and the host of other Supreme Court decisions premising FELA liability on a statute or regulation have done so only with respect to federal laws. And in *Gottshall*, the Court held that FELA liability could flow from negligent infliction of emotional distress, but only after surveying the extent to which that tort was nationally recognized at the time of FELA's enactment. *See generally* 512 U.S. 532.

So, Congress sought to inscribe FELA with national common law notions of negligence and only distinctly departed from them by its abrogation of certain defenses. The Court is not willing, therefore, to permit a state regulation—enacted many years after FELA and which does not demonstrably codify an absolute duty, further a uniform federal requirement, or form a part of a federal statutory or regulatory scheme—to conclusively establish certain elements of a prima facie case of negligence under FELA.

This decision is harmonious with the result in the factually similar *Haugen v. The Burlington N. & Santa Fe Ry. Co.*, No. C00-1980C, 2001 WL 1852331, at *2 (W.D. Wash. Nov. 27, 2001). There, like here, the plaintiff argued that the railroad's admitted violation of a state side-clearance regulation was sufficient to establish FELA liability as a matter of law. *Id.* The court disagreed, holding that "violations of [state] regulations that are directed towards ensuring compliance with federal safety rules and regulations are included in FELA's liberal standards, but violations of [state] regulations relating to other matters for which there are no federal rules or regulations, such as side clearances, are not." *Id.* In reaching this conclusion, the court briefly discussed Section 53 and may have assumed, like Union Pacific argues, that a statute inapplicable to those sections is likewise inapplicable to a prima facie case. It's clear that Congress intended to incorporate federal laws into the relaxed FELA standard. It further erected a state-level supplemental scheme. And if Colorado were a State Rail Safety Participation Manager, its regulations would likely be sufficient to *both* assign liability and prevent certain defenses. *See Anderson v. Union Pacific Ry. Co.*, No. 2:201-cv-00208, Doc. 131 (E.D. Cal. Apr. 8, 2004) (citing *Tyrrell v. Norfolk Southern Ry. Co.*, 248 F. 3d 517 (6th Cir. 2001)).[5]

But where Congress has not seen fit to create a federal safety regulation, or to bring a state's regulations into the federal statutory scheme, there is no justification to further lessen the already relaxed showing required of a plaintiff

---

[5] Both California, at issue in *Anderson*, and Ohio, at issue in *Tyrrell*, are State Rail Safety Participation Managers.

based purely on a state regulation. The mere fact that federal law permits states to further regulate railroads in areas it has left unaddressed, 49 U.S.C. § 20106(a)(2), does not mean it intends to acquiesce to local regulations in establishing federal liability. A plaintiff cannot use the negligence per se concept to establish breach of a duty as a matter of law under FELA unless the law violated "creates a federal standard of care" for railroads. *Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170, 192 (3d Cir. 2013).

The Court holds, therefore, that a violation of the Colorado regulation at issue cannot be used to conclusively establish FELA liability as a matter of law, at least as long as Colorado is not part of the federal program envisioned by Section 54a. In the same way that courts have found OSHA inapplicable as not targeted toward railroads, the Colorado regulation is inapplicable for lack of its federal character—it neither establishes nor enforces a federally sanctioned railroad requirement. This is a FELA case, and the Court agrees with Union Pacific that its violation may be admitted at trial only as evidence of the applicable standard of care and its breach thereof. *See Kernan*, 355 U.S. at 438–39 (Liability under FELA may arise "whether the fault is a violation of a statutory duty or the more general duty of acting with care."). It cannot be used to conclusively establish that duty and its breach. Since that is what Mr. Immel's motion for summary judgment seeks, it must be denied.

## III. CONCLUSION

For the foregoing reasons, the motion (Doc. 32) is **DENIED**.

Dated: August 23, 2019.

BY THE COURT:

*/s/ Daniel D. Domenico*
Daniel D. Domenico
United States District Judge